UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABBASZADE RASHAD,<br><br>                              Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior<br>Warden of Otay Mesa Detention Center,<br>et al.,<br><br>                              Respondents. | Case No.:  3:26-cv-1750-CAB-VET<br><br>**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS WITH LEAVE TO AMEND**<br><br>[Doc. No. 1] |

Petitioner Abbaszade Rashad, an immigration detainee proceeding pro se[1], has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [Doc. No. 1 ("Petition").]  Petitioner has been detained by Immigration and Customs Enforcement ("ICE") since he presented himself at the United States border seeking asylum on July 8, 2025.  [Doc. No. 1-2 at 1–2.]  He alleges he was denied a bond hearing by an immigration

---

[1] Petitioner may be interested in contacting Federal Defenders of San Diego to see if a Federal Defender can represent Petitioner in this matter.  The telephone number for Federal Defenders' San Diego Office is 619-234-8467 (Toll Free: 888-614-9867) and the El Centro Office is 760-335-3510 (Toll Free: 877-404-9063).

1

judge on March 11, 2026. [Petition at 2.] As explained in detail below, the Court **DISMISSES** the Petition **WITH LEAVE TO AMEND**.

A habeas petitioner bears the burden of demonstrating that he is in illegal custody. *See Martinez v. Noem*, No. 25-CV-2740-BJC-BJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025). "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition[.]" Rules Governing Section 2254 Cases in the United States District Courts, Rule 4; *see also* Rule 1(b) (permitting court to apply Rules Governing Section 2254 Cases to any "habeas corpus petition"). Indeed, "district courts are expected to take 'an active role in summarily disposing of facially defective habeas petitions[.]'" *Pinson v. Carvajal*, 69 F.4th 1059, 1065 (9th Cir. 2023) (citing *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998)).

Given the Petitioner's pro se status, the Court liberally construes the Petition as stating a claim for a violation of the Due Process Clause of the Fifth Amendment based on Petitioner's alleged prolonged detention under 8 U.S.C. § 1225(b). [*See* Doc. No. 1-2 at 1–3.] In similar cases, this Court has used the *Banda* test as a framework, which considers the following six factors: (1) the total length of detention to date, which is the most important factor; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in removal proceedings caused by the detainee; (5) delays in removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal. *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019).

Here, the first factor weighs heavily against Petitioner given that he has been detained for approximately nine months. *See Sibomana v. LaRose*, No. 22-CV-933-LL-NLS, 2023 WL 3028093, at *4 (S.D. Cal. Apr. 20, 2023) (highlighting that courts are typically wary of continued custody without a bond hearing when detention extends beyond one year). Moreover, Petitioner has not alleged any specific delays attributable to Respondents, nor provided any details as to the status of his asylum case, such as the timing or outcome of his calendar or merits hearings to date. The Court thus finds that Petitioner's

continued detention under § 1225(b) has not become unconstitutionally prolonged and thus dismisses the Petition without ordering a response.

Petitioner also challenges the conditions of his confinement, including the adequacy of medical care, the facilities, and food.  [Doc. No. 1-2 at 2.]  Such challenges may be brought in a civil action, usually under 42 U.S.C. § 1983 or *Bivens*, not a habeas claim. *Wilson v. Ponce*, 465 F. Supp. 3d 1037, 1046 (C.D. Cal. 2020); *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . [while] requests for relief turning on circumstances of confinement may be presented in a § 1983 action.").

The Court thus **DISMISSES** the petition for a writ of habeas corpus **WITH LEAVE TO AMEND** to allow Petitioner to file an Amended Petition in the event that Petitioner's detention extends beyond a year.

The Clerk of the Court shall close the case.  If an Amended Petition is filed, the Court will reopen the case.

It is **SO ORDERED**.

Dated: April 9, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge