UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

RASHAD ABBASZADE,

Petitioner,

v.

CHRISTOPHER LAROSE, et al.,

Respondents.

Case No.:  3:26-cv-1750-CAB-VET

**ORDER PARTIALLY GRANTING A WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Rashad Abbaszade's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 5 ("Petition").]  Petitioner claims his 12-month detention by immigration authorities is unconstitutional. [*Id.* at 2.]  He seeks a bond hearing or immediate release. [*Id.*]  For the reasons below, the Court **PARTIALLY GRANTS** the request for a writ of habeas corpus and **ORDERS** that Petitioner receive an individualized bond hearing.

**I.    BACKGROUND**

Petitioner is an Azerbaijani citizen who attempted to enter the United States without valid entry documents at the Otay Mesa Port of Entry on July 8, 2025. [Doc. No. 8 at 2.]  He was determined to be an inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), placed into expedited removal proceedings, and taken into Immigration and Customs Enforcement ("ICE") custody under 8 U.S.C. § 1225(b)(1).  [*Id.*]  An asylum officer interviewed

Petitioner on September 12, 2025 and made a positive credible fear finding. [*Id.*] Petitioner has since applied for relief from removal. He has no final order of removal and has remained in custody since then.

## II.    LEGAL STANDARD

A writ of habeas corpus challenges the legality of a petitioner's custody and seeks to secure release from that illegal custody. Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States[.]" The petitioner bears the burden of demonstrating that he is in illegal custody. *See Martinez v. Noem*, No. 25-CV-2740-BJC-BJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

## III.    DISCUSSION

Petitioner argues that his twelve-month detention without a bond hearing is unconstitutional. [Petition at 2.] Respondents counter that the relevant statutory language of § 1225(b)(1) and Supreme Court precedent require Petitioner's detention until the resolution of his removal proceedings. [Doc. No. 8 at 3–10.] The Court has previously discussed that while Supreme Court precedent does establish that the *statutory language* of § 1225(b) mandates detention, the Supreme Court did not decide the *constitutional question* of whether indefinite detention is permitted. *See L.R.G. v. LaRose*, 3:25-CV-3490-CAB-MSB, Doc. No. 13 at 5–6 (S.D. Cal. Jan. 16, 2026).

As to the constitutional question, like most of the district courts that have confronted this question, this Court held in *L.R.G.* that a due process violation may occur when § 1225(b) results in practically indefinite civil detention. 3:25-CV-3490-CAB-MSB, Doc. No. 13, at *6; *see Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020) ("[T]he Court joins the majority of courts across the country in concluding that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process."). Respondents' position has also been questioned by the Ninth Circuit:

We have grave doubts that any statute that allows for arbitrary prolonged

3:26-cv-1750-CAB-VET

detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so. Arbitrary civil detention is not a feature of our American government. "[L]iberty is the norm, and detention prior to trial or without trial is the carefully limited exception." Civil detention violates due process outside of "certain special and narrow nonpunitive circumstances."

*Rodriguez v. Marin*, 909 F.3d 252, 256–57 (9th Cir. 2018) (internal citation omitted) (alteration in original).

Though there is no brightline test for a violation, this Court and many others have used the *Banda* test which considers the following six factors to determine when detention under § 1225(b) violates due process: (1) the total length of detention to date, which is the most important factor; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in removal proceedings caused by the detainee; (5) delays in removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal. *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019).

The first factor weighs in Petitioner's favor given that he has been detained for over a year. *See Sibomana v. LaRose*, No. 22-CV-933-LL-NLS, 2023 WL 3028093, at *4 (S.D. Cal. Apr. 20, 2023) (finding that courts are typically wary of continued custody without a bond hearing when detention extends beyond one year). Regarding the second factor, which consists of the "anticipated duration of all removal proceedings—including administrative and judicial appeals[,]" Petitioner's final merits hearing is not until July 31, 2026, and further detention beyond it, regardless of its outcome, is likely. [Doc. No. 11 at 2.] Accordingly, the second factor favors Petitioner. [*Id.*] As to the third *Banda* factor, Petitioner's confinement is similar to penal confinement because, as the Court explained with respect to the petitioner in *L.R.G.*, who was also detained at Otay Mesa Detention Center, Petitioner is detained "in a secure facility, guarded by armed personnel, and has restricted access to outdoor space, activities, and communication." No. 3:25-CV-3490-

CAB-MSB, Doc. No. 13, at *8 (S.D. Cal. January 16, 2026).  Thus, the third factor favors Petitioner.

As to the fourth and fifth factors, both parties have caused delays.  The Court finds, and Respondents concede, that these two factors are effectively neutral.  [Doc. No. 8 at 10.]  Finally, the Court finds the sixth factor neutral as it is unclear what the result of Petitioner's removal proceedings will be.

In sum, factors one (the most important), two, and three weigh for Petitioner, while factors four, five, and six are neutral.  The Court thus concludes that Petitioner's continued mandatory detention under § 1225(b)(1) without a bond hearing violates his right to due process.  Petitioner is entitled to a prompt and individualized bond hearing before an immigration judge.

## IV.    CONCLUSION

Based on the foregoing, the Court finds that Petitioner's prolonged detention without a bond hearing violates the Due Process Clause of the Fifth Amendment.  The Court therefore **PARTIALLY GRANTS** the writ of habeas corpus and **ORDERS** Respondents to provide Petitioner an individualized bond hearing by **July 31, 2026**, unless Petitioner requests a continuance.  If requested by Petitioner, Respondents shall assist Petitioner in obtaining an audio recording of the bond hearing.

The Clerk of the Court shall close the case.

It is **SO ORDERED**.

Dated:  July 17, 2026

Hon. Cathy Ann Bencivengo
United States District Judge

4

3:26-cv-1750-CAB-VET